**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OREGON BUREAU OF LABOR AND INDUSTRIES, ex rel Fair Housing Council of Oregon, | No. 15-35604 |
| Plaintiff-Appellee, | D.C. No. 6:13-cv-01776-MC |
| FAIR HOUSING COUNCIL OF OREGON, | MEMORANDUM* |
| Intervenor-Plaintiff-Appellee, | |
| v. | |
| CHANDLER APARTMENTS, LLC, FKA L&T Chandler, LLC, an Oregon limited liability company; et al., | |
| Defendants-Appellants, | |
| and | |
| 1031, INC., a Nevada corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted July 11, 2017

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Portland, Oregon

Before:  BERZON, WATFORD, and OWENS, Circuit Judges.

Defendants-Appellants Chandler Apartments, LLC, 1031, Inc., and James Tarantino (collectively, "Chandler Apartments") appeal from the district court's grant of summary judgment to Plaintiffs-Appellees Oregon Bureau of Labor and Industries ("BOLI") and Fair Housing Council of Oregon ("FHCO") on their claims of housing discrimination under the Fair Housing Act ("FHA") and its Oregon state law equivalent.  As the parties are familiar with the facts, we do not recount them here.  We affirm.

Chandler Apartments argues that plaintiffs have not proved the elements of a claim under the FHA and Or. Rev. Stat. § 659A.145(2)(g).[1]

> To prevail on a claim under 42 U.S.C. § 3604(f)(3), a plaintiff must prove all of the following elements: (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation.

*Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th

---

[1] The only distinction the parties offer between the elements of a claim under the FHA and the equivalent Oregon statute is that the claims under the Oregon statute include "[a]ssisting, inducing, and inciting Defendants' agents and employees to discriminate against applicants for tenancy[.]" As Chandler Apartments has conceded liability for the actions of its agents and employees, the claims under both statutes are addressed in the context of the FHA.

Cir. 2006). Chandler Apartments challenges each of these elements as factual conclusions that are in dispute.

Chandler Apartments first argues that plaintiffs' claims do not satisfy the first element of an FHA claim – "that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h)" – because no plaintiff was disabled. FHCO and BOLI both have standing to sue under the FHA even though the testers they used were not actually disabled. FHCO suffered injuries through the frustration of their organizational mission and diversion of resources. *Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1219 (9th Cir. 2012). In her uncontested declaration attached to the motion for summary judgment, the Executive Director of FHCO, Pegge McGuire, stated that FHCO assigned testers to assess compliance with fair housing laws at Chandler Apartments. Thus, FHCO diverted resources independent of litigation costs. *See id*. BOLI has Article III standing as an executive agency whose purpose is vindicating the public interest. *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1187 (9th Cir. 2016). Accordingly, FHCO and BOLI's claims survive because they suffered sufficient injury to have standing to bring a claim under the FHA.

Chandler Apartments next appears to argue that plaintiffs cannot meet the second element of an FHA claim because Chandler Apartments had no reason to

know that the testers were requesting disability accommodations for service animals. Chandler Apartments reasonably should have known that the testers were requesting disability accommodation. Tester A said to Lyons: "Just so you know, I have a therapy animal." Tester B said to Lyons: "I should probably let you know that I have an assistance dog" and mentioned that she had a note from a doctor. In addition, as the district court stated, "Lyons's declaration makes clear he understood the requests related to reasonable accommodations for 'service animals,' not 'pets.'" Furthermore, a prospective tenant who requests accommodation for a service animal need not affirmatively identify his or her disability to trigger FHA protection. *See* HUD, FHEO Notice: FHEO-2013-01, at 3 (Apr. 25, 2013), *available at* http://portal.hud.gov/hudportal/documents/huddoc?id=servanimals_ntcfheo2013-01.pdf. Accordingly, Chandler Apartments could reasonably be expected to know that the callers were handicapped and were requesting disability accommodations.[2]

Finally, plaintiffs met the fifth element of an FHA claim because Chandler Apartments refused to grant the requested disability accommodation. Chandler

---

[2] The third and fourth elements of an FHA claim – that the disability accommodation is necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling and that the accommodation is reasonable – need not be reached because, as discussed below, Chandler Apartments never even inquired into whether the requested accommodations were necessary or reasonable before denying them.

Apartments did not reach out to the prospective tenants to "determine whether [the] requested accommodation is reasonable . . . [and] reasonably related to the claimed handicap." Instead Chandler Apartments, via Lyons, heard that prospective tenants wanted to keep a service dog or therapy dog and immediately denied them the accommodation.

Accordingly, the district court did not err in holding that there is no genuine issue of material fact about whether Chandler Apartments violated the FHA and Or. Rev. Stat. § 659A.145(2)(g) and properly granted summary judgment to plaintiff.

**AFFIRMED.**