NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHLEY CHRISTINA MCCLENDON, Plaintiff-Appellant, v. PETER BRESLER, as an Individual and as the Trustee of the Bressler Trust, Defendant-Appellee. | No. 22-55068 D.C. No. 2:20-cv-07758-RGK-GJS MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 14, 2022
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KORMAN,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Ashley McClendon appeals the district court's grant of partial summary judgment and judgment in favor of Peter Bresler following a bench trial. Bresler denied McClendon's rental application because of his "no dogs" policy, even after it was disclosed that McClendon's dog was "a verified emotional support animal covered . . . as a reasonable accommodation." McClendon alleges that Bresler discriminated against her based on her disability in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(f)(3), 3604(c), and California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't. Code §§ 12927(c)(1), 12955(c). McClendon also asserts a related claim of negligence. The district court found that Bresler did not violate the FHA or FEHA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, and reverse and remand in part.

1. The district court erred in granting partial summary judgment on McClendon's reasonable accommodation claims under the FHA and FEHA because there is a triable issue of fact as to whether Bresler reasonably should have known of McClendon's disability. To prevail on a reasonable accommodation claim under the FHA, 42 U.S.C. § 3604(f)(3), a plaintiff must prove: (1) the plaintiff or his associate has a disability within the meaning of 42 U.S.C. § 3602(h); (2) the defendant knew or should reasonably be expected to have known of the disability; (3) an accommodation may be necessary to afford the disabled person an equal opportunity to use and enjoy the dwelling; (4) the requested

accommodation is reasonable; and (5) the defendant refused to make the requested accommodation. *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

Only the second prong—whether Bresler knew or reasonably should have been expected to know of McClendon's disability—is in dispute. A genuine issue of material fact exists as to whether Bresler knew or reasonably should have been expected to know of McClendon's disability when he failed to make a reasonable accommodation for her support dog, which precludes summary judgment.

Knowledge of a housing applicant's disability status can be actual or constructive, and a "prospective tenant who requests accommodation[s] for a service animal need not affirmatively identify his or her disability to trigger FHA protection." *Or. Bureau of Lab. and Indus. ex rel. Fair Hous. Council of Or. v. Chandler Apartments, LLC*, 702 Fed. Appx. 544, 547 (9th Cir. July 26, 2017). For example, statements such as "I have a therapy animal" or "I have an assistance dog" should reasonably place a building manager on notice of the individuals' disability statuses. *Id.*

Here, although McClendon never affirmatively identified her disability, her co-applicant Sarah Gailey's use of the terms "verified support animal," "reasonable accommodation," and "discriminat[ion]" in her emails to Bresler, and Bresler's use of the phrase "service dog" are evidence that Bresler should have known of

McClendon's disability status, which he disputes with contrary evidence. And the fact that McClendon's co-applicant Gailey, and not McClendon herself, made these statements is of no import because the FHA permits any "aggrieved person" who "claims to have been injured by a discriminatory housing practice" to bring a housing discrimination suit. 42 U.S.C. §§ 3602(i); 3613(a). Here, McClendon claims such injury when Bresler denied her and Gailey's housing application because of McClendon's support animal.

Because the district court erred in granting partial summary judgment on McClendon's reasonable accommodation claims, we must also reverse and remand on McClendon's negligence claim. A landlord owes "the general public a duty to operate the management of the subject property in a manner that [is] free from unlawful discrimination." *Hous. Rts. Ctr. v. Snow*, No. 05-cv-4644-SGL(JTL), 2007 WL 91148, at *3 (E.D. Cal. Jan. 3, 2007). Consequently, a landlord's failure to comply with the FHA's reasonable accommodation requirement constitutes a breach of the duty not to discriminate in the rental of a dwelling. *S. Cal. Hous. Rts. Ctr. v. Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d 1061, 1069 (C.D. Cal. 2005). Therefore, a question of fact remains as to whether Bresler acted negligently toward McClendon by failing to reasonably accommodate her service dog in violation of the FHA.

4

2. The district court did not clearly err when it concluded that Bresler's statement—"[m]y policy has been not to accept dogs, even if service dogs"—did not indicate an impermissible preference based on disability in violation of the FHA and FEHA. It is unlawful to "make, print, or publish . . . any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on . . . handicap." 42 U.S.C. § 3604(c); *see also* Cal. Gov't Code § 12955(c). A statement violates § 3604(c) if an ordinary reader would interpret the statement as indicating a preference for or against a protected group. *Iniestra v. Cliff Warren Invs., Inc.*, 886 F. Supp. 2d 1161, 1169 (C.D. Cal. 2012) (citing *United States v. Hunter*, 459 F.2d 205, 215 (4th Cir. 1972)).

We agree with the district court that an "ordinary reader would not readily assume that by preferring a renter without a dog, [Bresler] also implicitly suggest[ed] that he prefers a renter without a handicap." Bresler's policy "not to accept dogs, even if service dogs" reasonably indicates that he has a preference against dogs, but not necessarily renters with disabilities who use support animals. As the district court reasoned, finding that Bresler's statement indicated a preference for renters without a disability is "too tenuous" an assumption.

According, we **REVERSE** the district court's partial grant of summary judgment on McClendon's reasonable accommodation claims and negligence

5

claim and **REMAND** to the district court for proceedings consistent with this memorandum.  We **AFFIRM** the district court's conclusion that Bresler's statement did not indicate an impermissible preference in violation of the FHA or FEHA.  Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**